UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS ALTON NETTLES,

    Plaintiff,

v.                                        CASE NO. 8:15-cv-2759-T-23EAJ

STATE OF FLORIDA, *et al.*,

    Defendants.
                                      /

**O R D E R**

    Nettles's complaint under 42 U.S.C. § 1983 alleges that the defendants violated his civil rights by assigning him to "food service" in the Avon Park Correctional Institution.  Nettles neither moved for leave to proceed *in forma pauperis* nor paid the full $400 filing fee.  Nevertheless, under either 28 U.S.C. § 1915(e) (if proceeding *in forma pauperis*) or 28 U.S.C. § 1915A (if the full filing fee is paid), a district court is required both to review the complaint and to dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

    Nettles is imprisoned in the work camp at the Avon Park Correctional Institution.  He complains that he was recently assigned to "food service."  Nettles

contends (1) that he is ineligible for assignment to "food service" because ten years ago he was infected with Methicillin Resistant Staphlococcus Aureus ("MRSA"), (2) that he is a "carrier for life" of MRSA, and (3) that health regulations preclude his working in "food service." Nettles alleges that, during the classification review hearing, the lead classification officer stated that the institution's doctor approved Nettles's working in "food service." Nettles requests the district court to remove him from "food service" and to re-assign him to "houseman."

Nettles challenges the classification committee's decision to assign him to "food service." "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Wolfish*, 441 U.S. at 547. *See LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994). Although "not insulat[ing] from review actions taken in bad faith or for no legitimate purpose," *Whitley v. Albers*, 475 U.S. 312, 322 (1986), judicial deference requires that neither judge nor jury freely substitute their judgment for a prison officials' considered decision, as *Smith v. Mosley*, 532 F.3d 1270, 1277 (11th Cir. 2008), explains:

> "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources." *Turner v. Safley*, 482 U.S. 78, 84-5, 107 S. Ct. 2254, 2259, 96 L. Ed. 2d 64 (1987). Prison officials are therefore "accorded latitude in the administration of prison affairs." *Cruz v. Beto*, 405 U.S. 319, 321, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). This latitude includes "the withdrawal or limitation

> of many inmate privileges and rights." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974).

*See Ort v. White*, 813 F.2d 318, 322, (11th Cir. 1987).  Nettles fails to state a claim that he can pursue in a civil rights action because the prison officials and not a federal court should determine an inmate's best classification.  *See Adams v. James*, 784 F.2d 1077, 1082 (11th Cir. 1986) (recognizing "that prison officials control prison job assignments, cell assignments, and the like . . . ."); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995)[*] (recognizing that an inmate has no constitutionally protected interest in maintaining a prison job).  Nettles fails to state a claim that he can pursue in a civil rights action.

Accordingly, the civil rights complaint is **DISMISSED**.  The clerk must enter a judgment against Nettles and close this case.

ORDERED in Tampa, Florida, on December 7, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).